UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAWN HOVER,<br><br>                    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                    Defendant. | No.   CV-13-05113-SMJ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND GRANTING PLAINTIFF'S MOTION TO COMPEL** |

    Before the Court, without oral argument, is Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Protective Order Against Plaintiff's Second Requests for Production, ECF No. 22, and Plaintiff Dawn Hover's related Cross-Motion to Compel, ECF No. 29.  Defendant asks this Court for a protective order forbidding disclosures to Plaintiff's Interrogatory No. 20 and Request for Production No. 21. *See* ECF No. 22 at 1. In response, Plaintiff asks this Court to deny Defendant's motion and to grant her cross-motion to compel Defendant to respond to the requests. *See* ECF No. 29 at 1-2.  Having reviewed the pleadings and the file in this matter, the Court is fully informed and

///

ORDER **-** 1

denies Defendant's Motion for Protective Order and grants Plaintiff's related Cross-Motion to Compel.

## I.    BACKGROUND

### A.    Factual and procedural background

Plaintiff made an underinsured motorist claim ("UIM") for injuries and damages sustained in a November 2010 automobile accident. ECF No. 22 at 1; ECF No. 29 at 2. According to Plaintiff, she has suffered special damages in the amount of $998,109 as a result of this accident, which is well above the amount she received from Allstate, the insurer of the at-fault motorist.[1] ECF No. 1-2 at 4. Plaintiff filed this lawsuit against Defendant State Farm, her own insurer, in connection with this claim. ECF No. 1-2. Defendant removed the suit from state court. ECF No. 1.

In her complaint, Plaintiff alleges that Defendant has (1) breached its duties under the Insurance Fair Conduct Act, RCW 48.30.010; (2) breached its fiduciary duty as set forth in the Wash. Admin. Code 284-30 *et seq.*; (3) breached terms of its contract with Plaintiff; (4) violated the Consumer Protection Act, RCW 19.86 *et seq.*; and (5) breached its duty to act in good faith. ECF No. 1-2 at 6-7. Defendant answered the complaint, raising (1) failure to state a claim; (2) discharge of contractual obligation; (3) that its acts and practices were reasonable;

---

[1] Specifically, Plaintiff alleges she received the policy limit of $50,000 from the underinsured motorist. ECF No. 1-2 at 4.

and (5) that Plaintiff failed to comply with terms and condition of the policy as affirmative defenses.

The parties are currently in the midst of discovery. Pursuant to a Stipulation Regarding the Production of Confidential and Trade Secret Information ("Stipulation"), Defendant can designate certain responsive documents as "Confidential" or "Trade Secret," which prevents Plaintiff from disclosing these protected documents unless expressly permitted by agreement or court order. ECF No. 11 at 5. The Stipulation also obligates the parties to file a motion or stipulation to seal if either wishes to file a protected document with the Court. *Id.* Despite the Stipulation, the parties have been unable to reach agreement on some discovery matters.

**B.     Discovery dispute background**

On February 18, 2014, Plaintiff served her First Set of Interrogatories and Requests for Production on Defendant. *See* ECF No. 25-1 at 29. Defendant responded to these discovery requests but objected to Interrogatory No. 20 and Request for Production No. 21, among others. ECF No. 25-2 at 25-30. In full, Interrogatory No. 20 asked that Defendant,

> With regard to each employee of defendant State Farm who adjusted, reviewed, advised, consulted, investigated, made an entry in the claims diary or claims file, or did any work whatsoever regarding the claim made by Plaintiff Dawn Hover, state:
>     a. The person's position and role in the claim

ORDER **-** 3

> b. The inclusive dates on which the person worked on the claim, the specific work performed, and the reason for action taken on the case;
> c. State the reason for each transfer of any and all parts and/or portions of Plaintiff Dawn Hover's claim to, form, and amongst the individuals identified in this Interrogatory;
> d. Identify the length of time employed by State Farm prior to the loss;
> e. The person's settlement authority on the date(s) on which the individual worked on Plaintiff Dawn Hover's claim;
> f. If no longer employed by state [sic] Farm state the date of termination of employment, reason of termination of employment, last known address and phone numbers, and present employer;
> g. If any of the individuals identified in subsection (a) above currently hold a different title, position, or job duties from those to which they worked on Plaintiff Dawn Hover's claim, state the current title, position, job duties, the reason for the change, and whether the change constitutes a promotion or demotion in either position or pay."

*Id.* at 25. In full, Request for Production No. 21 asked that Defendant,

> With respect to each person identified in the preceding interrogatory, please produce:
> > a. All performance evaluation for the last ten (10) years, inclusive of the most recent performance evaluation;
> > b. A history of salary and promotions/demotions;
> > c. All company or company sponsored educational courses (taped or written) attended or reviewed;
> > d. All organizational charts that reflect the chain of command and the person's position within that organizational chart;
> > e. Job descriptions for each position occupied by the person at all times material to plaintiff's claim; and;
> > f. Letters of complaint received by Defendant regarding the person.

*Id.* at 29. Defendant identified the job title and role of each employee who made an entry in the UIM portion of the claims diary and identified the courses attended

ORDER - 4

by Jennette Bishop and Janet Riggs, two of Defendant's employees who directly handled Plaintiff's claim. *Id.* at 26-27; 30. Later, Plaintiff deposed Jennette Bishop, who testified that Barb Dion, Janet Riggs, and Linda Davis were her supervisors and managers at the relevant time. ECF No. 25-4.

On May 30th, 2014, Plaintiff served her Second Requests for Production on Defendant. ECF No. 25-5. Plaintiff asked Defendant to provide copies of course materials used in training Jennette Bishop[2] and Defendant's personnel files on Jennette Bishop, Janet Riggs, Barb Dion, and Linda Davis.[3] *Id.* at 4-11. Defendant objected to these requests. Though Plaintiff agreed to limit the scope of the personnel file requests to "notices of commendation, warning, discipline and/or termination, education and training notices and records, performance appraisals/reviews, annual ratings, pay increases, bonuses, job classification changes, and department changes," ECF No. 29 at 8-9, the parties still could not resolve this discovery dispute. ECF No. 22 at 1.

///

---

[2] Plaintiff requested the materials from Bishop's training on "Traumatic Brain Injuries," "Post Concussion Syndrome and Neuropsychological Evaluation," "Injury Evaluation Details," "Lawsuit Pleadings and Practices," "UM/UIM Injury Claim Resolution," "Evaluating Bodily Injury Claims," "Analyzing Outcomes and Consequences," "Managing Permanent Disabilities," "Emotional Intelligence for Customer Service," "Head Injuries," and "Individual Decision Making." ECF. No. 25-5 at 4-10.

[3] Initially, Plaintiff requested a complete copy of the entire personnel file for all four employees, which included each employee's (1) position; (2) current job description; (3) application for employment; (4) pay rate from time of hiring to present; (5) notices of commendation, warnings, discipline, and/or termination; (6) education and training notices and records; (7) performance appraisals/reviews; and (8) attendance records.

ORDER **-** 5

## II. ANALYSIS

### A. Legal standard

Under Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This is a liberal standard. In fact, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). But the right to access information is not absolute and "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *In re Catholic Archbishop of Portland Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)).

Here, Defendant believes that production of personnel files "could not imaginably result in anything relevant enough to override [the] privacy concern [of the employees]" and that production of the training materials "is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence" because the employee that was trained did not have final authority over

the claims. ECF No. 22 at 8-10. These objections are insufficient to warrant a protective order. Given the existence of the Stipulation that adequately addresses Defendant's privacy and public disclosure concerns, Defendant has not shown that good cause exists to bar Plaintiff from examining the requested information.

In determining the relevance of Plaintiff's discovery requests, it is helpful to consider the underlying cause of action. Here, Plaintiff claims Defendant violated the Insurance Fair Conduct Act ("IFCA"), RCW 48.30 *et seq.*, among other things. The IFCA prohibits insurers from engaging "in unfair methods of competition or in unfair deceptive acts or practices in the conduct of such business." RCW 48.30.010(1). Accordingly, any discovery request aimed at uncovering unfair deceptive acts or practices must be deemed reasonably calculated to lead to the discovery of admissible evidence under Rule 26(b)(1).

**B.     Request for personnel files**

Though Plaintiff originally requested the complete personnel files for the employees that handled her claim, she agreed to limit her request to the (1) performance evaluations; (2) notices of commendation, warning, discipline, and/or termination, etc.; and (3) incentive programs, bonus structures, and other information related to how the employees in Plaintiff's claim are incentivize. ECF No. 29 at 11-12; *see also* ECF No. 25-7. This type of information is reasonably calculated to lead to the discovery of admissible evidence.

ORDER **-** 7

Washington Administrative Code § 284-30-330 defines specific unfair claims and settlement practice for purposes of an IFCA action. RCW 48.30.015(5)(a). This includes "[r]efusing to pay claims without conducting a reasonable investigation." WAC 284-30-330(4). Performance evaluations and notice of commendation, warning, discipline, and/or termination could show that the employees involved may not have conducted a reasonable investigation in Plaintiff's case or have not done so in the past and thereby provide evidence of an IFCA violation.[4] Insurers are also barred from "[c]ompelling a first party claimant to initiate and submit to litigation . . . to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings." WAC 284-30-330(7). Again, notices of commendation, warning, discipline, and/or termination and incentive programs, bonus structures, and other similar information could help Plaintiff determine whether Defendant encourages its employees to undervalue claims and thereby compel litigation to recover actual amounts due. Because these requests are reasonably calculated to lead to the discovery of admissible evidence, this Court finds Plaintiff's request of the four employees' personnel files to be relevant.

Nonetheless, relevancy of the information must be weighed against the privacy of the employees. In a letter, Plaintiff has expressed her willingness to

---

[4] There may well be other reasons that this request is relevant. The examples provided in this order are hypothetical and illustrative.

ORDER - 8

"redacting any highly sensitive or confidential personal information, such [as] social security numbers, addresses, and other non-relevant personal information" in connection to her request of personnel files. ECF No. 25-7 at 2. This seems entirely reasonable. Further, this Court finds that the Stipulation, ECF No. 11, adequately provides Defendant with the ability to protect the privacy of its employees. Accordingly, this Court will not issue any protective order regarding Plaintiff's request for personnel files.

C.  **Request for training materials**

Plaintiff also seeks discovery of the training materials that claims adjuster Bishop received on (1) "Traumatic Brain Injuries," (2) "Post-Concussion Syndrome and Neuropsychological Evaluation," (3) "Injury Evaluation Details," "Lawsuit Pleadings and Practices," (4) "UM/UIM Injury Claim Resolution," "Evaluating Bodily Injury Claims," (5) "Analyzing Outcomes and Consequences," (6) "Managing Permanent Disabilities," (7) "Emotional Intelligence for Customer Service," (8) "Head Injuries," and (9) "Individual Decision Making." ECF No. 25-5 at 4-10. Again, this request is reasonably calculated to lead to the discovery of admissible evidence.

As discussed above, it is a violation of the IFCA for an insurer to refuse to pay claims without conducting a reasonable investigation. WAC 284-30-330(4). The requested training materials, which ostensibly instructed the claims adjuster

ORDER - 9

on how to handle the type of claim that Plaintiff submitted, are plainly relevant to establishing that the claims adjuster failed to conduct a reasonable investigation. Not only will Plaintiff be able to determine whether the individual employee departed from Defendant's own internal guidance in assessing how her claim was handled, but Plaintiff will also be able to determine whether systemic defects exist in Defendant's handling of these types of claims and injuries in general. These are both relevant inquiries to Plaintiff's IFCA claim.

Though this Court shares Defendant's concern about the public dissemination of its proprietary curricula, the Stipulation, once again, provides Defendant with a more than adequate ability to ensure the safeguarding of its trade secrets. Accordingly, this Court will not issue a protective order regarding Plaintiff's request for training materials.

### III.   CONCLUSION

Defendant has failed to establish that good cause warrants a protective order in this dispute. Further, Defendant has failed to establish that the existing Stipulation, ECF No. 11, insufficiently protects its employees' privacy or its trade secrets. This Court is satisfied that Plaintiff's requests for personnel files[5] and

///

---

[5] As limited in ECF No. 29 at 11-12 to the (1) performance evaluations; (2) notices of commendation, warning, discipline, and/or termination; and (3) incentive programs and bonus structures for Jennette Bishop, Janet Riggs, Barb Dion, and Linda Davis.

training materials are reasonably calculated to lead to the discovery of admissible evidence and are therefore relevant under Rule 26(b)(1).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Protective Order Against Plaintiff's Second Requests for Production, **ECF No. 22**, is **DENIED**

2. Plaintiff's Cross-Motion to Compel, **ECF No. 29**, is **GRANTED**

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 26th day of August 2014.

_____
SALVADOR MENDOZA, JR.
United States District Judge