UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAWN HOVER,<br><br>                    Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                    Defendant. | No.   13-CV-05113-SMJ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION** |

Before the Court, without oral argument, is Defendant State Farm Mutual Automobile Insurance Company's Motion for Reconsideration, ECF No. 57. Defendant moves to reconsider this Court's Order Denying Defendant's Motion for Protective Order and Granting Plaintiff's Motion to Compel, ECF No. 54. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies Defendant's motion.

As indicated in the Amended Scheduling Order, ECF No. 32, motions to reconsider are disfavored. A party seeking reconsideration must make either a "showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with

ORDER - 1

reasonable diligence." Local Rule 7(h)(1), Western District of Washington. Here, Defendant argues that it was manifest error for the Court to state (1) that Barb Dion and Linda Davis were the supervisors and managers of Jennette Bishop at the relevant time, (2) that the unfair practices referred to in RCW 48.30.010 are relevant to the scope of civil liability under the Insurance Fair Conduct Act ("IFCA") and (3) that it is a violation of the IFCA for an insurer to refuse to pay claims without conducting a reasonable investigation. ECF No. 57 at 3-4. This Court rejects that these contentions establish any manifest errors.

As to Defendant's first argument, the record clearly supports the Court's statement. In full, this Court wrote "Plaintiff deposed Jennette Bishop, who testified that Barb Dion, Janet Riggs, and Linda Davis were her managers at the relevant time." ECF No. 54 at 5. Defendant takes issue with this characterization of the facts because "Ms. Bishop's testimony establishes only that Ms. Dion and Ms. Davis were her managers only when she began her training at State farm, *not* when she handled Ms. Hover's UIM claim." ECF No. 57 at 3 (emphasis in the original). Not only does this Court read the deposition testimony differently, but even if Defendant was correct in its view of the facts, Defendant defines the relevant time far too narrowly given the liberal discovery standards in Federal Rule of Civil Procedure 26(b)(1).

///

ORDER - 2

In her deposition testimony, Bishop testified that she began an 18-month on-the-job training for handling bodily injury claims in June 2012. ECF No. 25-4 at 5. This means this training period ended sometime in late 2013 or early 2014. When Bishop was asked "who was training you," she replied, "[a]t the time, Barbara Dion was my manager, and she would oversee everything." *Id.* When Bishop was asked "[i]n 2012 who was Barb's manager," she replied, "I believe at that time it was Linda Davis." *Id.* Plaintiff began communicating with Bishop regarding the accident in December 2012, though she did not file her UIM claim until sometime after. ECF No. 24 at 2. Accordingly, from the testimony provided by Bishop, it appears that Dion and Davis oversaw her work during the time that Plaintiff began discussing compensation and when she made her claim.

But even if Dion and Davis were not Bishop's supervisors at the time Plaintiff made her UIM claim, the "relevant time" for discovery purposes should not be limited to the dates the claim was handled. Indeed, Defendant seems to presuppose a narrow definition for "relevant time" that this court is unwilling to accept given the liberal scope of discovery under Federal Rule 26. For these reasons, this Court made no manifest error in finding that Dion and Davis were Bishop's supervisors during the relevant time.

As to Defendant's second argument, the unfair practices referenced in RCW 48.30.010 are also expressly referenced in RCW 48.30.015 and are relevant to

ORDER - 3

establishing damages, which makes these unfair practices relevant to determining the scope of liability under an IFCA action. In full, this Court wrote

> "[t]he IFCA prohibits insurers from engaging 'in unfair methods of competition or in unfair deceptive acts or practice in the conduct of such business.' RCW 48.30.010(1). Accordingly, any discovery request aimed at uncovering unfair or deceptive acts or practices must be deemed reasonably calculated to the discovery of admissible evidence under Rule 26(b)1)._

ECF No. 54 at 7. Defendant believes that "[t]he second sentence . . . makes an erroneous assumption, which is that 'unfair practices' in RCW 48.30.010 define or are relevant to the scope of civil liability under the IFCA *cause of action*." ECF No. 57 at 4 (emphasis in the original). Defendant is wrong.

The scope of discovery is not limited to information and materials that relate to establishing a cause of action. For a Plaintiff, it extends to information and materials that may assist her in proving damages at the very least. Here, the IFCA cause of action statute explicitly states that a violation of "'specific unfair claims settlement practices'" is a violation of the IFCA for purposes of establishing treble damages and fee shifting. RCW 48.30.015(2), .015(3), .015(5)(a). Accordingly, this Court did not commit any error, much less manifest error, when it established that "any discovery request aimed at uncovering fair or deceptive practices must be deemed reasonably calculated to the discovery of admissible evidence." ECF No. 54 at 7.

ORDER - 4

Finally, as to Defendant's third argument, this Court properly stated that it is a violation of the IFCA to engage in the unfair and deceptive practices listed in WAC 284-30-330. In full this Court wrote "it is a violation of the IFCA for an insurer to refuse to pay claims without conducting a reasonable investigation. WAC 284-30-330(4)." EFC No. 54 at 9. Defendant believes this was manifest error because "the only thing that gives rise to an IFCA violation is an 'unreasonable denial of a claim for coverage or payment of benefits.'" ECF No. 57 at 5. This is false.

Though an unreasonable denial of a claim for coverage or payment of benefits is the only way a plaintiff may establish liability under the IFCA, RCW 48.30.015(1), a violation of the IFCA for the purposes of calculating damages and attorney fees can be established by demonstrating a violation of WAC 284-30-330. *See* RCW 48.30.015(2),(3). Perhaps the Court could have been clearer in differentiating between how a plaintiff could establish a violation of the IFCA and how the plaintiff must establish liability under the IFCA. But this want for greater clarity does not rise to the level of manifest error.

Defendant has failed to establish that this Court made any manifest errors in the Order Denying Defendant's Motion for Protective Order and Granting Plaintiff's Motion to Compel, ECF No. 54. This Court is mindful of Defendant's concerns about its treatment of the facts and the law. But this Court is also

ORDER **-** 5

mindful of the liberal discovery standards in Federal Rule 26(b)(1). Because the Dion and Davis were Bishop's supervisors during the relevant time, whether or not they were her supervisors when the claim was filed, this Court did not commit manifest error in its handling of the facts. Because Plaintiff is entitled to discover information and materials that relate to establishing damages and violations of the IFCA, and not just liability under the statute, this Court did not commit manifest error in its statements of the law.

Accordingly, **IT IS HEREBY ORDERED**: Defendant's Motion for Reconsideration, **ECF No. 57**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 12th day of September 2014.

_____
SALVADOR MENDOZA, JR.
United States District Judge